KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | COUNT 1: |
| | ) | CONSPIRACY TO POSSESS |
| vs. | ) | UNREGISTERED SILENCERS AND |
| | ) | DESTRUCTIVE DEVICES |
| FRANCIS SCHAEFFER COX, | ) | Vio. of 18 U.S.C. § 371 |
| COLEMAN L. BARNEY, and | ) | |
| LONNIE G. VERNON, | ) | COUNT 2: |
| | ) | POSSESSION OF UNREGISTERED |
| Defendants. | ) | DESTRUCTIVE DEVICES |
| | ) | Vio. of 26 U.S.C. § 5861(d) and 5871 |
| | ) | |
| | ) | COUNT 3: |
| | ) | POSSESSION OF UNREGISTERED |
| | ) | SILENCER |
| | ) | Vio. of 26 U.S.C. § 5861(d) and 5871 |
| | ) | |
| | ) | COUNT 4: |
| | ) | POSSESSION OF AN |
| | ) | UNREGISTERED MACHINE GUN |
| | ) | Vio. of 26 U.S.C. § 5861(d) and 5871 |
| | ) | |
| | ) | |
| | ) | |

)   COUNT 5:
)   POSSESSION OF MACHINE GUN
)      Vio. of 18 U.S.C. § 922(o) and
)   924(a)(2)
)
)   COUNT 6:
)   MAKING OF A SILENCER
)      Vio. of 26 U.S.C. § 5861(f) and 5871
_____   )

## I N D I C T M E N T

The grand jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this indictment:

1.     Francis Schaeffer Cox ("COX") was a resident of Fairbanks, Alaska.  He is the self-described leader of the Alaska Peacemaker Militia and the Alaska Assembly Post.

2.     Coleman L. Barney ("BARNEY") was a resident of North Pole, Alaska and is also a member of the Alaska Peacemaker Militia and the Alaska Assembly Post.

3.      Lonnie G. Vernon ("VERNON") was a resident of Salcha, Alaska and is also a member of the Alaska Peacemaker Militia and the Alaska Assembly Post.

### DEFINITIONS

4.     Title 26 of the United States Code makes it unlawful for a person to possess a machine gun, a silencer or a destructive device that is not registered to that person in the National Firearms Registration and Transfer Record, or to make a firearm in violation of

2

the provisions of Title 26 of the United States Code. *See* 26 U.S.C. Sections 5845(a) and

5861 *et seq*.

5.     Title 26, United States Code, Section 5845(f)(1) defines "destructive

device" to include grenades and any combination of parts either designed or intended for

use in converting any device into a destructive device and from which a destructive

device may be readily assembled.

6.     Title 18, United States Code, Section 921 defines the term "firearm

silencer" and "firearm muffler" to mean any type of device for silencing, muffling, or

diminishing the report of a portable firearm, including any combination of parts, designed

or redesigned, and intended for use in assembling or fabricating a firearm silencer or

firearm muffler, and any part intended only for use in such assembly of fabrication.

COUNT 1

7.     Paragraphs 1-6 are re-alleged herein.

8.     Beginning at a time unknown, but starting at least on or about December

28, 2009, and continuing up to on or about March 10, 2011, in the District of Alaska, the

defendants, FRANCIS SCHAEFFER COX, COLEMAN L. BARNEY, and LONNIE G.

VERNON, did knowingly and intentionally combine, conspire, confederate and agree

with each other to commit the following offenses against the United States:

     A.     To knowingly receive and possess firearms, specifically, silencers

and destructive devices in the form of hand grenades, that were not registered to them in

3

the National Firearms Registration and Transfer Record in violation of Title 26, U.S.C. Sections 5861(d) and 5871, and

B.      To knowingly make firearms specifically destructive devices without legal authorization, in violation of the provisions of Title 26, U.S.C. Section 5861(f) and 5871.

## PURPOSE OF THE CONSPIRACY

9.      Throughout the time period alleged in the indictment, COX, BARNEY and VERNON possessed, acquired and sought to acquire illegal firearms, machine guns, destructive devices and firearms silencers as part of their membership in the Alaska Peacemaker Militia and the Alaska Assembly Post and in furtherance of their collective belief that at some undetermined point in the future they would have to take up arms against the government.

## OVERT ACTS

10.      In furtherance of the conspiracy, and in order to effect the objects thereof, the defendants committed numerous overt acts within the District of Alaska, including but not limited to:

a.      On or about February 4, 2011, COX instructed Vernon and another person to travel to Anchorage to acquire hand grenades. COX also instructed VERNON to obtain C-4 explosive. COX explained to VERNON that he currently possessed some grenades with two-second fuses, and that he knew how to make grenades operational.

4

VERNON stated that he knew from "cookbooks" that a person could add phosphorous to the grenades.

b.     From February 4 through February 6, 2011, on the direction of COX, VERNON and another person travelled to and stayed in Anchorage for the purpose of obtaining grenades.

c.     On or about February 4, 2011, while in Anchorage, VERNON met with others in an effort to obtain grenade bodies and approximately 50 grenade fuses.

d.     From February 4, 2011, through March 10, 2011, VERNON and COX discussed the location of several self-described "weapons caches."

e.      On February 12, 2011, in a meeting with Barney, COX stated that he would like to get grenades with eight-second fuses.  COX also stated that he wanted powder for the grenades that was stronger than what he currently had.  COX stated that they had two-second fuses on his grenades.

f.     On or about February 20, 2011, COX, BARNEY and another individual went to a "weapons cache" and removed approximately eight grenades and an assortment of other weapons.

g.     On February 27, 2011, COX and BARNEY met with another person and requested to purchase, and ordered a pistol and silencer matched set, agreeing to pay $1,000 each.  COX later agreed to trade a C-93 semi-automatic rifle, with a lower receiver, in lieu of the $1,000 cash purchase price.  COX stated that the lower end receiver would, after a some modification, make the C-93 fully automatic.

5

h.      On or about March 1, 2011, COX met with the same person that they ordered the pistol and silencers from and ordered 25 grenades.  COX stated that the grenades he currently possessed had two-second fuses.  COX asked if the grenades that were for sale were eight-second fuses and asked if he (COX) could get a volume discount on the price.  COX stated if they could get the price down to $70 per grenade, he could buy as much as he wanted.

i.      On or about March 5, 2011, COX was informed that only eight grenades were available at a specific price.  COX replied he was under the impression he would be receiving 25 grenades.  COX nevertheless agreed to purchase the eight hand grenades and thought the price was reasonable.  COX also stated that once he got his family transported out of Alaska he was going to return to Alaska to wage guerilla warfare.

j.      On March 10, 2011, COX and BARNEY met with the person with whom they had placed their order for a pistol equipped with a silencer and grenades so that they could purchase these items.  COX and BARNEY each received a pistol with a silencer. They also received four hand grenades, not knowing that the grenades were inert. BARNEY carried $6,000 in cash on his person for the purpose of purchasing additional guns and destructive devices.

k.      From on or about February 17, 2011, and continuing up to March 10, 2011, COX and BARNEY stored other destructive devices, a Sten 9mm machine gun, and a .22 caliber firearm silencer in a utility trailer on BARNEY's property.

6

l.     On March 10, 2011, COX and BARNEY moved the white trailer from BARNEY's property and left it parked in the parking lot of the Ice Park, in Fairbanks, Alaska.  At that time, the trailer contained destructive devices, a Sten 9mm machine gun, and .22 firearm silencer, and an assortment of other firearms.

All of which is in violation of Title 18, United States Code, Section 371.

## COUNT 2

11.     Paragraphs 1 through 6 are realleged herein.

12.     Between or about February 4, 2011, and continuing until on or about March 10, 2011, in the District of Alaska, the defendants, FRANCES SCHAEFFER COX and COLMAN L. BARNEY, did knowingly possess firearms, specifically destructive devices, which were not registered to either of them in the National Firearms Registration and Transfer Record.

All of which is in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT 3

13.     Paragraphs 1 through 6 are realleged herein.

14.     Beginning at an exact time unknown to the grand jury, but at least from on or about February 27, 2011, and continuing until on or about March 10, 2011, in the District of Alaska, the defendant, FRANCES SCHAEFFER COX, did knowingly possess a firearm, specifically a silencer attached to a  .22 caliber Walther Model P-22, serial

7

number N063641, which was not registered to him in the National Firearms Registration and Transfer Record.

All of which is in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT 4

15.     Paragraphs 1 through 6 are realleged herein.

16.     Between on or about February 4, 2011, and continuing until on or about March 10, 2011, in the District of Alaska, the defendant, FRANCES SCHAEFFER COX, did knowingly possess a firearm, specifically a Sten 9mm machine gun, which was not registered to him in the National Firearms Registration and Transfer Record.

All of which is in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## COUNT 5

17.     Paragraphs 1 through 6 are realleged herein.

18.     Between on or about February 4, 2011, and continuing until on or about March 10, 2011, in the District of Alaska, the defendant, FRANCES SCHAEFFER COX, did knowingly possess a machine gun, specifically a Sten 9mm machine gun.

All of which is in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

8

19.     Paragraphs 1 through 6 are realleged herein.

20.     Beginning at an exact time unknown to the grand jury, but at least from on

or about February 27, 2011, and continuing until on or about March 10, 2011, in the

District of Alaska, the defendant, FRANCES SCHAEFFER COX, did knowingly make a

firearm, specifically a silencer attached to a .22 caliber Walther Model P-22, serial

number N063641, in violation of Title 26 of the United States Code.

All of which is in violation of Title 26, United States Code, Sections 5861(f) and

5871.

A TRUE BILL.

                                                            s/ Grand Jury Foreperson
                                                            GRAND JURY FOREPERSON

 s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

 s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

DATED:   March 17, 2011