M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>LONNIE G. VERNON,<br><br>  Defendant. | Case No. 3:11-cr-00022-RJB<br><br>**LONNIE G. VERNON'S<br>MOTION *IN LIMINE*** |

Lonnie G. Vernon asks this court for a protective order excluding irrelevant and unfairly prejudicial evidence, or otherwise inadmissible evidence from the trial. Fed. R. Evid. 401, 402, 403 and 404.

**I.    Introduction**

Mr. Vernon is charged with Conspiracy To Possess Unregistered Silencers and Destructive Devices in violation of 18 U.S.C. § 371; Conspiracy to Murder in violation of 18 U.S.C. §§ 1117 and 1114; and Carrying a Firearm During a Crime of Violence in violation of 18 U.S.C. §924(c). The government's theory as it pertains to Count One of the indictment centers around the procurement of hand grenades and silencers from confidential informants. With regard to the Conspiracy to Murder, the government's theory

centers around two factors – a list of both state and federal law enforcement officers that the government alleges the defendants were going to rely on in order to kill individuals in the event of a "government collapse," Cox's arrest, or a planned takeover of the government, and an alleged security detail at the KJNP television station in North Pole, Alaska. The 924(c) allegation, is based on the events at KJNP.

## II. The Government Should Be Prohibited from Putting on Evidence Relating to the Charges in 3:11-CR-00028-RJB

Mr. Vernon is charged in case number 3:11-CR-00028-RJB with Conspiracy to Murder Federal Officials, that being a Federal District Court Judge and an IRS agent; Threatening to Murder the Family Members of a United States Judge, Threatening to Murder the Judge, and other firearm offenses, most importantly, Use of a Silenced Firearm in Furtherance of a Crime of Violence.

Mr. Vernon requests a protective order prohibiting the government from introducing any evidence regarding the allegations in case number 3:11-CR-00028-RJB in the case at hand. Given the similarity of the nature of the charges, any evidence regarding the additional charges would be confusing to the jury.

## III. Letters Seized From the Vernon's Vehicle

Seized from the Vernon's vehicle at the time of their arrest were several addressed envelopes with postage ready for mailing. Inside each was a type-written letter outlining the Vernon's struggle with the IRS. (Exhibit A.) Clearly these letters are more prejudicial than probative of the charges in the case at hand. Mr. Vernon requests that the letters be excluded.

### IV. Item Seized During the Search of Mr. Vernon's Residence That Are Unrelated to the Charges Contained in the Indictment Should Be Excluded.

On March 10, 2011, state troopers and federal agents executed a search warrant on Mr. Vernon's residence located at 10314 Old Valdez Trail, Salcha, Alaska. Numerous firearms, documents, DVDs, and books were seized along with the Vernon's computer. Mr. Vernon seeks a protective order regarding the following items:

#### A. Alleged Homemade Blasting Cap, Trip Wire, and Tannerite

The government has indicated that it intends to introduce the above three items into evidence. Mr. Vernon requests a protective order prohibiting the government from referring to the above items during his trial. These items were found in Mr. Vernon's garage among a vast array of tools. The small, "blasting cap" had no power source. It was most likely designed to assist in construction projects and not as an alleged weapon. The homemade trip wire was not connected to any other device. Again, there is no evidence that it was designed to be a weapon. Tannerite, is a legal substance designed to assist in long range target shooting. There is no evidence that Mr. Cox, nor Mr. Barney were aware of these items. There is no discussion among the three men about these items. The items are not relevant to the charges alleged in the indictment and have no probative value. Any reference to the above items should be excluded under Fed. R. Evid. 401,402,403, and 404.

#### B. Items Located on the Vernon's Computer

A forensic examination of the Vernon's Computer revealed two documents that the government has indicated it intends to use at trial – a "Declaratory Decree

(Judgement) In Re: Francis August Schaeffer; family Cox" (Exhibit B), and a National Interoperability Field Operations Guide (first two pages only) (Exhibit C). Again, the items are not relevant to the charges and have no probative value. Any reference to the above items should be excluded under Fed. R. Evid. 401, 402, 403, and 404.

### V. Fairbanks Newsminer Newspaper Dated July 8, 2011, Allegedly Signed by Barney, Cox, Vernon and Anderson

The government's exhibit list references the front page of the July 8, 2011 Newsminer newspaper purportedly signed by all three defendants and an unindicted co-conspirator. (Exhibit D.) Mr. Vernon fails to see how this document is relevant to any issue at hand. Furthermore, the article contains information that may or may not be presented before the jury in this case. Given its total lack of evidentiary value, it should be excluded.

Respectfully submitted this 1st day of May, 2012, at Anchorage, Alaska.

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on May 1, 2012, a copy of the
foregoing document was served electronically on:

Steven E. Skrocki
Joseph W. Bottini
Yvonne Lamoureux
Nelson Traverso
Timothy D. Dooley

/s/ M. J. Haden

United States v. Lonnie G. Vernon
Case No. 3:11-cr-00022-RJB                                                                                  Page 4