M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:11-cr-0022-RJB |
| vs. | Case No. 3:11-cr-0028-RJB |
| LONNIE G. VERNON, | **DEFENDANT LONNIE G. VERNON'S SENTENCING MEMORANDUM** |
| Defendant. | |

Defendant, Lonnie G. Vernon, by and through counsel, M. J. Haden, Assistant Federal Defender, files this sentencing memorandum in preparation for the imposition of sentencing hearing scheduled for January 7, 2013. This sentencing hearing will apply to both of the above-referenced cases. At the sentencing hearing, Mr. Vernon will ask the court to impose the following composite sentence:

- 262 months (21 years, 10 months) incarceration;
- 5 years of supervised release;
- $300 special assessment.

There is no restitution owed in this case. Mr. Vernon agrees with the presence report (PSR) writer's assessment that Mr. Vernon does not have the ability to pay a fine. The above sentence represents a fair and just balancing of the competing factors set forth in 18 U.S.C. § 3553(a). A sentence of 262 months imprisonment, followed by 5 years of supervised release, is sufficient to punish Mr. Vernon for his criminal conduct; it adequately protects the public from further crimes; it deters other potentially similarly-situated offenders; and, finally, it provides ample time for rehabilitation to insure that Mr. Vernon does not re-offend.

I.   Sentencing Guideline Range.

In sentencing any criminal defendant, this court considers the applicable advisory United States Sentencing Guideline sentencing range. United States v. Carty, 520 F.3d 984, 991 (9th Cir.) (en banc), cert. denied, 553 U.S. 1061 (2008). The "range must be calculated correctly," as the Guidelines are "the starting point and the initial benchmark." Id. (quotations and citations omitted). "[F]ailing to calculate (or improperly calculating) the Guideline range" constitutes "significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007).

Here, all parties are in agreement that Mr. Vernon has 0 criminal history points, placing him in Criminal History Category I. The PSR writer has calculated the sentencing range in Case 3:11-cr-0022-RJB (hereafter Case #22), in which Mr. Vernon elected to go to trial and was convicted of Conspiracy to Possess Unregistered Silencers and Destructive Devices and Conspiracy to Murder Federal Officers, to be 262 to 327 months. In Case 3:11-cr-0028-RJB (hereafter Case #28), Mr. Vernon entered a plea of

guilty to the charge of Conspiracy to Murder Federal Officials. In Case #28, the PSR writer calculated a guideline range of 210 to 262 months. Mr. Vernon agrees with these guideline calculations.

In Case #28, Mr. Vernon entered into a plea agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure. In his plea agreement, Mr. Vernon has agreed that the consolidated sentence for both cases should fall between 262 to 327 months. Mr. Vernon asks that the court impose a sentence of 262 months, as it is the high end of the range in Case #28 and the low end of the calculation in Case #22. Mr. Vernon submits that this is a fair disposition, as his conduct in Case #22 was less involved than in Case #28.

II. The Proposed Sentence of 262 Months Meets all of the § 3553 Factors.

The statute governing sentencing requires the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that provision. 18 U.S.C. § 3553(a). Those purposes are:

> (2) the need for the sentence imposed –
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public form further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). In fashioning a sentence that complies with the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentence," Kimbrough v. United States, 128 S. Ct. 558 (2007), this court must consider the broad range of factors listed in 18 U.S.C. § 3553(a)(1-7).

  A. History and characteristics of Mr. Vernon and the seriousness of the offense.

One way to analyze the characteristics of the defendant is to consider what were his actions and reputation prior to the case, and to contrast that with other offenders that appear before the court. It would not be an exaggeration to say that, in the universe of individuals convicted of serious federal felonies, the "characteristics" of Mr. Vernon are positive in nature. His positive characteristics include the following:

- no prior criminal history;
- high school graduate with some college;
- history of full employment;
- married to the same spouse for over 30 years;
- close family relationships;
- no history of substance abuse.

Mr. Vernon is a 57-year-old man with no prior criminal history. Studies show that the likelihood of recidivism by an individual his age is significantly reduced. See MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINE (2004). The Commission determined that the recidivism rate for defendants who are between 41 and 50 is 6.9 percent, whereas the recidivism rate for defendants who are

between the ages of 31 and 40 is greater than 12 percent. This has been judicially recognized in United States v. Luciania, 379 F. Supp. 2d 288, 297 (E.D.N.Y. 2005) ("post Booker courts have recognized that recidivism is markedly lo for older defendants." In addition, Sentencing Commission studies show that minimal or no prior involvement with the criminal justice system is a powerful predictor of a reduced likelihood of recidivism. See U.S.S.C., A COMPARISON OF THE FEDERAL SENTENCING GUIDELINES CRIMINAL HISTORY CATEGORY AND THE U.S. PAROLE COMMISSION SALIENT FACTOR SCORE, at 15 (2005).

It goes without discussion that the charges in this case were extremely serious. Mr. Vernon's unhealthily paranoia and distrust of the government, when fueled by coaching and learned lectures of others, lead Mr. Vernon to stray from the law. Mr. Vernon's offense did not involve any physical contact with anyone. But certainly, his words were disturbing, offensive and wholly unjustified.

B. Sentencing purposes.

As listed in § 3553(a), a sentence should reflect the seriousness of the offense, promote respect for the law, and provide just punishment. A sentence must also provide deterrence for not only the defendant but for others as well. In addition, a sentence must protect the public from further crimes of the defendant. A sentence must accomplish all the above, yet be no greater than necessary to fulfill these goals. A sentence of 262 months is a lengthy sentence. It will certainly protect the public for years to come. It is also a sentence that will serve as a deterrent to both Mr. Vernon and others. Adding a few additional years to this already long period of incarceration will not add to the purposes set forth in the sentencing goals. This court should use the doctrine of

parsimony to access how many years are enough to fashion a sentence that is sufficient, but not more than necessary. In this instance, Mr. Vernon submits that a sentence of 262 months is a fair and just result.

III. Conclusion.

Thus, for all the reasons stated above, Mr. Vernon asks the court for a sentence of 262 months, followed by five years of supervised release, and a $300 special assessment.

DATED this 2nd day of January, 2013.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on January 2, 2013, a copy of the foregoing document, with attachments, was served electronically on:

Steven E. Skrocki, Esq.
Joseph W. Bottini, Esq.
Yvonne Lamoureux, Esq.
Charlene Hensel, USPO

/s/ M. J. Haden

United States v. Lonnie G. Vernon
Case Nos. 3:11-cr-0022-RJB, 3:11-cr-0028-RJB                                                                                      Page 6

Case 3:11-cr-00022-RJB   Document 547   Filed 01/02/13   Page 6 of 6