**NOT FOR PUBLICATION**

FILED

AUG 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 13-30005 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00022-RJB-3 |
| v. | |
| LONNIE G. VERNON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| UNITED STATES OF AMERICA, | No. 13-30006 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00028-RJB-1 |
| v. | |
| LONNIE G. VERNON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Robert J. Bryan, District Judge, Presiding

Argued and Submitted August 2, 2016
Anchorage, Alaska

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

Lonnie G. Vernon appeals his conviction for conspiracy to murder a federal judge and an IRS employee, claiming his plea agreement was involuntarily rendered. We dismiss his appeal.

The government argues that Vernon waived all rights to directly appeal his conviction. "This court regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases . . . ." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). Two conditions, however, must be met: "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

As to the first issue, the waiver in Vernon's plea agreement clearly encompasses this appeal. The agreement has two separate waiver sections, one for Appellate Rights and one for Collateral Attack Rights. In the Appellate Rights section, the agreement provides: "The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charge set forth in this agreement." By contrast, the waiver in the Collateral Attack Rights section carves out two exceptions: "1) any challenge to the conviction or sentence alleging ineffective assistance of counsel . . . ; and 2) a challenge to the voluntariness of the

2

defendant's guilty plea." Vernon's suggestion that these two exceptions apply to direct appeals is contradicted by the plain language of the agreement. The terms are "clear and unambiguous." *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000).

As to the second issue, Vernon's plea agreement, and therefore his waiver, was entered into knowingly and voluntarily. Vernon's statement that he had been deprived of his medications did not raise a "genuine doubt" about his competency to plead guilty. *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014). We recognize that throughout the district court proceedings, Vernon forcefully articulated his unorthodox opinions about our court system. However, "[h]is comments and conduct were indicative of [his sovereign citizen] belief, not a lack of competence. [Vernon] cannot now use those beliefs as an expression of incompetency." *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015). Moreover, at the change of plea hearing, when asked by the court whether he wanted to plead guilty, Vernon responded clearly: "Yes, I do want to enter. I'm going to enter guilty, yes, I am." He also clearly articulated that he understood the waiver after it was explained by the district court: "Yes, that's what was presented to us." These statements further support a finding of voluntariness. *See United States v. Kaczynski*, 239 F.3d 1108, 1114-15 (9th Cir. 2001); *Anglin*, 215 F.3d at 1067. Vernon's waiver is therefore valid and must be enforced.

3

**DISMISSED**.